UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------
UNITED STATES OF AMERICA,

        Plaintiff,

  -v-                              6:19-CV-1187

BRENDA SCHNETTLER;
COMMISSIONER OF THE COUNTY
OF ONEIDA DEPARTMENT OF
SOCIAL SERVICES; ROBERT CAREY;
and JAYDEN WILLEY,

        Defendants.

--------------------------------

APPEARANCES:                     OF COUNSEL:

PINCUS LAW GROUP, PLLC-NASSAU    CYNTHIA MALONE, ESQ.
Attorneys for Plaintiff                  SHERRI JENNIFER SMITH, ESQ.
425 RXR Plaza
Uniondale, New York 11556

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

  On September 24, 2019, plaintiff the United States of America (the

"Government") filed a foreclosure complaint against defendants Brenda

Schnettler, the Commissioner of the County of Oneida Department of Social

Services, Robert Carey, and Jayden Willey (together "defendants").[1] Dkt. 1. No defendant ever responded. On November 11, 2021, the Government moved for entry of default against all defendants. Dkt. 30. The next day, the Clerk of Court obliged. Dkt. 31. Finally, on November 15, 2021, the Government moved for default judgment against all defendants under Federal Rule of Civil Procedure ("Rule") 55. Dkt. 32. Because defendants still have not responded, the motion will be decided on the Government's submissions.

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action. Fed. R. Civ. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once default is established, the Court must "accept all . . . factual allegations as true and draw all reasonable inferences in" the moving party's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, a district court still must determine whether the allegations and evidence establish the defendant's liability as a matter of law before default judgment can attach. *Id.*

---

[1] Because the Government itself is plaintiff in this foreclosure action, this Court has jurisdiction over this dispute under 28 U.S.C. § 1345 ("§ 1345"). A placeholder XYZ Corporation was also initially named as a defendant in this case, but was removed when the Government filed an amended complaint on February 5, 2020. Dkt. 12.

For the Government to establish liability for a mortgage foreclosure in a proceeding under § 1345, it must prove three elements. *See United States v. Barton*, 2006 WL 842922, at *1-2 (E.D.N.Y. Mar. 28, 2006) (granting summary judgment for the Government in a mortgage foreclosure proceeding with § 1345 jurisdiction). First, it must establish the existence of a promissory note and mortgage held by the Government. *Id.* at 2. Second, it must prove the defendant's default on the loan secured by the note and mortgage. *Id.* Third, in the event that ownership of the property has changed hands, the Government must prove that a defendant's deed was taken subject to the mortgage. *Id.*

The Government has properly attained an entry for default and moved for default judgment. Dkts. 31; 32. Additionally, the Government has properly alleged each of the requisite facts in its complaint and the exhibits attached to its motion for default judgment. It has alleged that it held a promissory note against defendants, and a mortgage on their property at 2488 King Road, Sauquoit, New York 13456 ("2488 King Road"). Dkt. 32, pp. 9, 11.[2] It has also alleged that defendants defaulted on the loan. *See id.* at 9. Thus, default judgment—and by extension foreclosure on 2488 King Road—is appropriate, and the Government's motion must be granted.

---

[2] Pagination corresponds with CM/ECF.

The Government has also moved for attorney's fees. In the event of default, the mortgage and promissory note allow the Government to recover "any indebtedness to the Government" secured by their terms, including the amount due on the mortgage plus whatever other remedies are available under law. Dkt. 32, p. 19. Similarly, the mortgage entitles the Government to recover the "costs and expenses incident to enforcing or complying with" its terms. *Id.* In analogous cases, those costs include the attorney's fees incurred in enforcing the mortgage. *See United States v. Carter*, 2020 WL 819320, at *2 (N.D.N.Y. Feb. 19, 2020) (awarding attorney's fees in foreclosure action based on language of mortgage and promissory note). The Government is therefore entitled to all attorney's fees in this case for which it has made a proper showing.[3]

In assessing whether a request for attorney's fees is reasonable, "[b]oth [the Second Circuit] and the Supreme Court have held that . . . the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The resulting product "should be in line with the rates prevailing in the

---

[3] The Government has made no request to recover its costs in filing this action.

community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts in this district have recently determined hourly rates of: between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals, to be reasonable. *Deferio v. City of Syracuse*, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018).

Once the typical hourly rate is established, the court should "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys;

5

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 186 n.3 (internal citations omitted).

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

The Government requests a flat fee in the amount of $3,875.00. Dkt. 32, p. 6. As this Court has already cautioned the government's counsel, however, flat fees are typically frowned upon in this district. *See, e.g.*, *Carter*, 2020 WL 819320, at *3 (denying attorney's fee request without prejudice when requesting flat fee for foreclosure). But to counsel's credit, this time their fee request was accompanied with contemporaneous records listing at least a portion of their hours worked and a description of counsel's qualifications. Dkt. 32 pp. 4-6.

The Court has reviewed the Government's submissions, and finds that the fee their counsel has requested is comfortably within the range of what an experienced attorney with a paralegal's help could expect in this district for the amount of hours claimed. *Compare Deferio*, 2018 WL 3069200, at *3 (finding range of $250-350 per hour appropriate for experienced attorney and $80-90 per hour appropriate for paralegal), *with* Dkt. 32 pp. 4-6. (noting that

6

Government's counsel is attorney with eighteen years' experience with specialization in bankruptcy law who worked 9.5 hours with additional 9.5 hours of paralegal work, for range of $3,135-4,180).  The Government's fee request must therefore be granted.

Therefore, it is

ORDERED that

1. The government's Rule 55 motion for default judgment is GRANTED;

2. The government's motion for attorney's fees is GRANTED;

3. The Clerk of the Court is directed to enter judgment of foreclosure on 2488 King Road, Sauquoit, New York 13456 and attorney's fees in the amount of $3,875.00; and

4. The Clerk of the Court is directed to close the case file.

IT IS SO ORDERED.

Dated:  December 14, 2021
        Utica, New York.

David N. Hurd
U.S. District Judge