IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,    Civil No.: 6:19-cv-01187

            Plaintiff

-v-

Brenda M. Schnettler
2488 King Road
Sauquoit, NY 13456

Commissioner of the County of Oneida Department of Social Services
800 Park Avenue
Utica, NY 13501

Robert Carey
2488 King Road
Sauqoit, NY 13456

Jayden Willey
2488 King Road
Sauqoit, NY 13456
_____
_____

AMENDED ORDER FOR
JUDGMENT OF FORECLOSURE AND SALE

On the original Summons and Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the Defendants in this action, and upon the Affirmation of Sherri J. Smith, by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now upon the motion of the United States, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 2488 King Road, Sauquoit, NY 13456, New York, a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

The name and phone number of the servicer for the Plaintiff is: United States Department of Agriculture, 1-800-414-1226.

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction at the <u>Oneida County Supreme Court – Utica, Oneida County Courthouse, 200 Elizabeth Street, Utica, NY 13501</u> by and under the direction of Yanci R. Herboldt, Esquire, 4332 Heritage Drive, Apt. B05, Liverpool, NY 13090-2037, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231; and it is further

The Appointed Referee shall give public notice of the time and place of sale as follows:

That the Appointed Referee cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Brenda M. Schnettler
2488 King Road
Sauquoit, NY 13456


Commissioner of the County of Oneida Department of Social Services
800 Park Avenue

Utica, NY 13501

Robert Carey
2488 King Road
Sauqoit, NY 13456

Jayden Willey
2488 King Road
Sauqoit, NY 13456

   That the Appointed Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Oneida County, New York where the premises are located;

   That the Appointed Referee cause the Notice to be published once weekly for four consecutive weeks in the __Observer Dispatch__ and __Rome Sentinel__ two newspapers of general circulation published in Oneida County, where the mortgaged premises are located.  The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 2488 King Road, Sauquoit, NY 13456

   The Plaintiff or any other party to this action may become a purchaser on such sale.

   The Appointed Referee shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

   FIRST, Appointed Referee's fees and commissions on the said sale not exceeding, however, the sum of $500.00;

   SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

   THIRD, The sum of $159,291.84 with interest continuing thereon at the rate of 8.250% per annum from Aug. 6, 2021 to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same and an award of attorney's fees in the amount of $3,875.00 with interest on the award of

attorney's fees continuing from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a).

THAT in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to an acquired by the Plaintiff and a valid assignment thereof filed with the Appointed Referee, the Appointed Referee shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Appointed Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Appointed Referee, upon delivery to it of said Appointed Referee's deed, the amount of said surplus; and that the Appointed Referee then shall make the payments as herein directed.

That the Appointed Referee take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the Appointed Referee make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and

allowances, as aforesaid, the Appointed Referee specify the amount of such deficiency in the Appointed Referee's Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the Appointed Referee's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto as Schedule A, as previously stated herein

IT IS SO ORDERED

DATED: January 24, 2022

_____
David N. Hurd
U.S. District Judge

Tax #368.000 2 74.2

ALL THAT PIECE OR PARCEL OF LAND situate in the Town of Paris, County of Oneida, State of New York, and more particularly described as follows: BEGINNING at the intersection of the centerline of existing King Road with the division line between Robert F. and Mary L. Reina (2514/173) on the southwest and Anthony G. and Kristine S. Putrelo (2448/149) on the northeast; thence N. 39° 17' 31" E. along the last mentioned centerline 120.22 feet to an angle point; thence S. 49° 45' 00" E. along a proposed division line 33.00 feet to an iron pin set on the southeasterly highway boundary of said King Road; thence S. 49° 45' 00" E. along a proposed division line 168.33 feet to an iron pin set at an angle point; thence S. 40° 15' 00" W. along the division line between Peter N. and Kathleen N. Merrell (2140/465) on the southeast and Anthony G. and Kristine S. Putrelo (2448/149) on the northwest 120.00 feet to an iron pipe found at an angle point; thence N. 49° 48' 28" W. along the division line between Robert F. and Mary L. Reina (2514/173) on the southwest and Anthony G. and Kristine S. Putrelo (2448/149) on the northeast 166.32 feet to a point on the southeasterly highway boundary of existing King Road; thence N. 49° 48' 28" W. along the last mentioned division line 33.00 feet to the point of beginning, CONTAINING 24,059± square feet or 0.55 acres more or less.

The above mentioned courses and distances are shown as Parcel A on a map entitled "Map and Survey Showing Lands to be Conveyed by Anthony G. and Kristine S. Putrelo, Town of Paris, County of Oneida, State of New York" surveyed by Christopher S. Nash, L.L.S. #049163 and dated June 8, 1992 which survey map is to be filed concurrently herewith.

BEING the same premises conveyed to the mortgagor herein by Anthony G. Putrelo and Kristine S. Putrelo by deed being recorded in the Oneida County Clerk's Office concurrently herewith.

SUBJECT to any and all covenants, conditions, restrictions, easements and rights of way of record.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.